UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Edwin X. Maldonado Jimenez,<br>     PLAINTIFF,<br><br>v.<br><br>KLIMA, PETERS & DALY, P.A., P.C.<br>ABSOLUTE RESOLUTIONS INVESMENTS,<br>LLC<br><br>    DEFENDANTs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE #: 3:25-CV-800<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for his Complaint against the Defendant Klima, Peters & Daly, P.A., P.C. and Absolute Resolutions Investments, LLC, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Edwin X. Maldonado-Jimenez, an individual consumer, against Defendant, Klima, Peters & Daly, P.A., P.C. and Absolute Resolutions Investments, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION, VENUE, and JURY DEMAND

1

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)

1. This court has jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendants transact business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Edwin X. Maldonado Jimenez ("Plaintiff") is a natural person and resides in Williamsburg, Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, Klima, Peters & Daly, P.A., P.C. ("KPD"), is an Maryland Professional Corporation, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 8028 Ritchie Hwy, Suite 300, Pasadena, MD 21122.

9. KPD is registered with the Secretary of the Commonwealth, and may be served at the following: r/a A. Connellee Armentrout, Esq, 2025 E. Main St., Suite 206, Richmond, VA 23223

10. The principal business of KPD is the collection of debts.

11. KPD regularly attempts to collect consumer debts alleged due to another.

2

12. KPD is engaged in the collection of debts from consumers using the mails and telephone.

13. KPD is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

14. Defendant, Absolute Resolutions Investments, LLC ("Absolute") is an Arizona LLC, NOT registered with the Virginia State Corporation Commission, with a principal place of business at 8000 Norman Center Dr., Suite 350, Bloomington, MN 55437.

15. Absolute regularly attempts to collect consumer debts alleged originally due another.

16. Absolute is engaged in the collection of debts, indirectly, from consumers using mails and telephone.

17. Absolute is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

18. Plaintiff's incurred an alleged debt with Navy Federal Credit Union (not a defendant herein) for his personal use, bringing the debts in question within the Fair Debt Collection Practices Act.

19. The debt with Navy Federal Credit Union was assigned, sold or otherwise transferred to Absolute.

20. The debt with Navy was defaulted upon and charged off in March of 2020.

21. The debt was a credit card.

22. The statute of limitations on a credit card is 3 years in Virginia.

23. KPD filed a lawsuit on behalf of Absolute against Plaintiff on the alleged debt on or about March 21, 2025 in the Williamsburg/James City County General District Court.

24. The lawsuit was filed more than 5 years after the default.

25. KPD then filed a Bill of Particulars, continuing to allege that the debt was due.

3

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)

26. Plaintiff defended on the basis of statute of limitations.

27. KPD and Absolute elected to enter a non-suit on the matter.

28. KPD and Absolute are aware, or should be aware, relevant case law which identifies that suing on time barred debt is a misrepresentation of the amount, character or legal status of the debt, in violation of the Fair Debt Collection Practices Act, including *Kimber v. Federal Financial Corp*, 668 F. Supp 1480 (M.D. Ala 1987); *Thompon v. Midland Funding, LLC*, 375 F. Supp 3d, 774, (E. D. KY, 2019) at 779-780 (collecting 6th cir cases); *In re Dubois*, 834 F3d, 522 (4th Cir, 2016), citing *Crawford v. LVNV Funding, LLC*, 578 F3d 1254, 1259-60 (11th Cir, 2014) Cert. denied at 135 S. Ct. 1844 (2015).

29. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendant.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

30. Plaintiff restates and re-alleges all previous paragraphs herein.

31. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

    a. Defendant has violated the FDCPA 15 U.S.C. § 1692[e] in that it has used false and deceptive means to collect a consumer debt.

    b. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][2] in that it has misrepresented the legal status of a consumer debt in an effort to collect the debt.

    c. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][4] in that it has misrepresented that a seizure of assets could take place in an effort to collect the debt.

4

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)

    d.  Defendant has violated the FDCPA 15 U.S.C. § 1692[e][5] in that it has taken or threatened to take action that cannot be taken, in an effort to collect a consume debt.

    e.  Defendant has violated the FDCPA 15 U.S.C. § 1692[e][10] in that it has made false representations in an effort to collect a consumer debt.

    f.  Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by suing on time barred debt in hopes that Plaintiff would pay and suing without legal authority to do so.

32. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual damages, attorney fees, and costs.

**EDWIN X. MALDONADO-JIMENEZ**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 phone
804.823.2565 fax

5

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)