IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EDWIN X. MALDONADO JIMENEZ, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : CASE NO. 3:25-cv-00800-REP |
| KLIMA, PETERS & DALY, P.A., P.C. | : |
| and ABSOLUTE RESOLUTIONS | : |
| INVESTMENTS, LLC, | : |
| | : |
| Defendants. | : |

**DEFENDANT KLIMA, PETERS & DALY, P.A., P.C.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Klima Peters & Daly, P.A., P.C. ("KPD") respectfully answers Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

Klima denies the allegations in Plaintiff's Preliminary Statement.

**JURISDICTION, VENUE AND JURY DEMAND**

1. Admitted.

2. Denied.

3. Admitted.

4. Admitted in part, denied in part. KPD admits it practices law in the Commonwealth of Virginia. It denies all remaining allegations in Paragraph 4 of the Complaint.

5. KPD demands a jury trial.

**PARTIES**

6. Admitted upon information and belief.

7.      After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and as such they are denied.

8.      Admitted in part, denied in part. KPD admits it is a Maryland Professional Corporation with its principal place of business located at the address identified in Paragraph 8 of the Complaint. Klima denies the remaining allegations.

9.      Admitted.

10.     Denied. The principal business of KPD is the practice of law.

11.     Admitted in part, denied in part. KPD admits that at times it collects sums of money owed to its clients. After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and as such they are denied.

12.     Admitted in part, denied in part. KPD admits it uses the mails and telephone in its practice of law. After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and as such they are denied.

13.     After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and as such they are denied.

14.     After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and as such they are denied.

15. After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and as such they are denied.

16. After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and as such they are denied.

17. After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and as such they are denied.

## FACTS

18. Admitted in part, denied in part. KPD admits Plaintiff incurred a financial obligation with Navy Federal Credit Union. KPD denies this financial obligation is "alleged." After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and as such they are denied.

19. Admitted.

20. Admitted in part, denied in part. KPD admits the NFCU account was defaulted upon. KPD admits the account was charged off in or around March 2020. After reasonable investigation, KPD lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint and as such they are denied.

21. Admitted, upon information and belief.

22. Denied as stated.

23. Admitted.

24. Denied.

25. KPD admits it filed a Bill of Particulars, which speaks for itself.

26. Admitted in part, denied in part. KPD admits only that Plaintiff raised statute of limitations as an affirmative defense to the lawsuit filed against it by KPD on behalf of ARI. KPD denies the lawsuit was adjudicated in Plaintiff's favor as a result of Plaintiff's assertion of this affirmative defense.

27. Admitted in part, denied in part. KPD admits a non-suit was entered. KPD denies all remaining allegations in Paragraph 27 of the Complaint.

28. Denied.

29. Denied.

## COUNT I
**Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p**

30. KPD incorporates the foregoing paragraphs of this Answer as though more fully set forth here.

31. KPD denies the allegations in Paragraph 31 of the Complaint, including all subparts

32. Denied.

WHEREFORE, Defendant Klima, Peters & Daly, P.A., P.C. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

KPD affirmatively asserts the defense of *bona fide* error in that if it is judicially determined that the lawsuit filed on ARI's behalf against Plaintiff was actually time-barred (which KPD asserts

it was not), then KPD's "error" was unintentional and occurred notwithstanding the Firm's procedures reasonably designed to avoid filing lawsuits after the expiration of the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

KPD affirmatively asserts the defense of privilege in that its litigation conduct is absolutely protected by the First Amendment to the U.S. Constitution and the *Noerr-Pennington* doctrine, among others.

WHEREFORE, Defendant Klima, Peters & Daly, P.A., P.C. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Dated: January 5, 2026

/s/ Patrick K. Burns

Patrick K. Burns, Esq. (VSB: 80188)

GORDON REES SCULLY MANSUKHANI, LLP

277 S. Washington Street, Suite 550

Alexandria, VA 22314

T: (202) 399-1009

F: (202) 800-2999

E: pburns@grsm.com

*Counsel for Defendant Klima, Peters & Daly, P.A., P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2026, I electronically filed the foregoing via the Court's E-Filing System which will serve all counsel of record.

*/s/ Patrick K. Burns*

Patrick K. Burns