IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| EDWIN X. MALDONADO JIMENEZ )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>KLIMA, PETERS & DALY, P.A., P.C., ET. AL. )<br>)<br>*Defendants*. )<br>)<br>) | Case No: 3:25-cv-00800-REP |

**DEFENDANT ABSOLUTE RESOLUTIONS INVESTMENTS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Absolute Resolutions Investments, LLC ("ARI"), for its Answer to Plaintiff's Complaint, states and alleges as follows:

**PRELIMINARY STATEMENT**

As to the unnumbered paragraph contained in Plaintiff's Preliminary Statement, ARI admits only that the complaint proports to bring claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et al. ("FDCPA"). ARI denies any and all liability to Plaintiff under the FDCPA, or any other statute, law, or theory.

**JURISDICTION, VENUE, AND JURY DEMAND**

1. As to the allegations stated in Paragraph 1 of the Complaint, ARI denies the allegations as calling for a legal conclusion. ARI leaves all matters of jurisdiction to the Court.

2. As to the allegations stated in Paragraph 2 of the Complaint, denies the allegations as calling for a legal conclusion.

3. As to the allegations stated in Paragraph 3 of the Complaint, ARI denies the allegations as calling for a legal conclusion. ARI leaves all matters of venue to the Court.

4.	As to the allegations stated in Paragraph 4 of the Complaint, ARI admits only that at times it transacts business in Virginia. ARI denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

5.	As to the allegations stated in Paragraph 5 of the Complaint, ARI admits that Plaintiff has requested a trial by jury.

## PARTIES

6.	As to the allegations stated in Paragraph 6 of the Complaint, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

7.	As to the allegations stated in Paragraph 7 of the Complaint, ARI denies the allegations as calling for a legal conclusion.

8.	As to the allegations stated in Paragraph 8 of the Complaint, ARI states that the allegations are not directed towards ARI and do not require an affirmative response. To the extent an affirmative response is required, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

9.	As to the allegations stated in Paragraph 9 of the Complaint, ARI states that the allegations are not directed towards ARI and do not require an affirmative response. To the extent an affirmative response is required, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

10.	As to the allegations stated in Paragraph 10 of the Complaint, ARI states that the allegations are not directed towards ARI and do not require an affirmative response. To the extent an affirmative response is required, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

11. As to the allegations stated in Paragraph 11 of the Complaint, ARI states that the allegations are not directed towards ARI and do not require an affirmative response. To the extent an affirmative response is required, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

12. As to the allegations stated in Paragraph 12 of the Complaint, ARI states that the allegations are not directed towards ARI and do not require an affirmative response. To the extent an affirmative response is required, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

13. As to the allegations stated in Paragraph 13 of the Complaint, ARI states that the allegations are not directed towards ARI and do not require an affirmative response. To the extent an affirmative response is required, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

14. As to the allegations stated in Paragraph 14 of the Complaint, ARI denies and further states that the allegations call for a legal conclusion.

15. As to the allegations stated in Paragraph 15 of the Complaint, ARI denies.

16. As to the allegations stated in Paragraph 16 of the Complaint, ARI denies.

17. As to the allegations stated in Paragraph 17 of the Complaint, ARI denies the allegations as calling for a legal conclusion.

## FACTS

18. As to the allegations stated in Paragraph 18 of the Complaint, ARI denies the allegations as calling for a legal conclusion.

19. As to the allegations stated in Paragraph 19 of the Complaint, ARI admits.

20. As to the allegations stated in Paragraph 20 of the Complaint, ARI admits.

21. As to the allegations stated in Paragraph 21 of the Complaint, ARI admits.

22. As to the allegations stated in Paragraph 22 of the Complaint, ARI denies the allegations as calling for a legal conclusion.

23. As to the allegations stated in Paragraph 23 of the Complaint, ARI admits.

24. As to the allegations stated in Paragraph 24 of the Complaint, ARI denies the allegations as calling for a legal conclusion.

25. As to the allegations stated in Paragraph 25 of the Complaint, ARI states that the allegations are not directed towards ARI and do not require an affirmative response. To the extent an affirmative response is required, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

26. As to the allegations stated in Paragraph 26 of the Complaint, ARI states that the allegations are not directed towards ARI and do not require an affirmative response. To the extent an affirmative response is required, ARI denies the allegations for lack of knowledge or information sufficient to form a belief therein.

27. As to the allegations stated in Paragraph 27 of the Complaint, ARI admits.

28. As to the allegations stated in Paragraph 28 of the Complaint, ARI denies the allegations as calling for a legal conclusion.

29. As to the allegations stated in Paragraph 29 of the Complaint, ARI denies the allegations and states that, to the extent the allegations call for a legal conclusion, no response is required. ARI denies any and all liability to Plaintiff under the FDCPA, or any other statute, law, or theory.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

30. As to the allegations stated in Paragraph 30 of the Complaint, ARI reasserts the foregoing as if fully stated herein.

31. As to the allegations stated in Paragraph 31 of the Complaint, including each subpart, ARI denies the allegations and states that, to the extent the allegations call for a legal conclusion, no response is required. ARI denies any and all liability to Plaintiff under the FDCPA, or any other statute, law, or theory.

32. As to the allegations stated in Paragraph 32 of the Complaint, ARI denies the allegations and states that, to the extent the allegations call for a legal conclusion, no response is required. ARI denies any and all liability to Plaintiff under the FDCPA, or any other statute, law, or theory.

In response to the "WHEREFORE" clause, Defendant Absolute Resolutions Investments, LLC denies Plaintiff is entitled to any of the relief sought therein. ARI respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and with prejudice and award ARI its reasonable attorneys' fees and costs incurred in defending this action, deny any and all of Plaintiff's other requested damages, fees, and costs, and award ARI any other legal and equitable relief as the Court deems just and equitable.

## ADDITIONAL DEFENSES

1. ARI alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. ARI alleges that, to the extent that any violations are established, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3. ARI alleges Plaintiff has suffered no damages as a result of any act, omission, or conduct of ARI.

4. ARI alleges Plaintiff's claims may be barred by the applicable statute of limitations and/or the doctrine of laches.

5. ARI alleges that, to the extent Plaintiff has suffered any damages, which is denied, they were caused by Plaintiff and/or parties over which ARI has no control.

6. ARI alleges that Plaintiff failed to mitigate their damages.

7. ARI alleges that it acted at all times in good faith and in compliance with the law.

8. ARI reserves the right to assert additional defenses as discovery and investigation continues.

                                THE LAW OFFICES
                                OF RONALD S. CANTER, LLC

/s/ Bradley T. Canter
Bradley T. Canter, Esq. (VSB No. 86766)
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: bcanter@roncanterllc.com
*Attorney for Defendant Absolute Resolutions Investments, LLC*

6

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by ECF/CM procedures on this 5th day of February, 2026 to:

Jason Meyer Krimbein, Esq.
10307 W. Broad Street, Suite 293
Glen Allen, VA 23060
jkrumbein@krumbeinlaw.com
*Attorney for Plaintiff*

Patrick Kevin Burns, Esq.
277 S. Washington Street, Suite 550
Alexandria, VA 22314
pburns@grsm.com

Lauren Burnette, Esq.
12276 San Jose Boulevard, Suite 718
Jacksonville, FL 32223
lburnette@messerstrickler.com

*Attorneys for Klima, Peters & Daly, P.A., P.C.*


/s/ Bradley T. Canter
Bradley T. Canter, Esquire
*Attorney for Defendant Absolute Resolutions Investments, LLC*